Flores Flores v. Barr

BIA
McManus, IJ
A206 223 272

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of October, two thousand nineteen.

PRESENT:
DENNIS JACOBS,
ROSEMARY S. POOLER,
ROBERT D. SACK,
*Circuit Judges.*

_____

CARLOS FLORES FLORES,
*Petitioner,*

v.                                          17-3646
                                            NAC

WILLIAM P. BARR, UNITED STATES ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:        Daniel Spensieri, White Plains, NY.

FOR RESPONDENT:        Chad A. Readler, Acting Assistant Attorney General; John S. Hogan, Assistant Director; Todd J. Cochran, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Carlos Flores Flores, a native and citizen of Mexico, seeks review of an October 12, 2017, decision of the BIA affirming a March 1, 2017, decision of an Immigration Judge ("IJ") denying Flores Flores's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Carlos Flores Flores,* No. A 206 223 272 (B.I.A. Oct. 12, 2017), *aff'g* No. A 206 223 272 (Immig. Ct. N.Y. City Mar. 1, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Because Flores Flores challenges only the denial of CAT relief, we limit our review to that claim. We have reviewed both the IJ's and BIA's decisions. *See Huo Qiang Chen v. Holder*, 773 F.3d 396, 403 (2d Cir. 2014). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Wei Sun v. Sessions*, 883 F.3d 23, 27 (2d Cir. 2018) (reviewing factual findings for substantial evidence and questions of law and the application of law to

2

undisputed facts de novo).

CAT relief is mandatory if the applicant shows that he would "more likely than not" be tortured. 8 C.F.R. §§ 1208.16(c)(2), 1208.17(a); *see Khouzam v. Ashcroft*, 361 F.3d 161, 168 (2d Cir. 2004). Torture is defined as "severe pain and suffering . . . intentionally inflicted . . . by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1). "Torture is an extreme form of cruel and inhuman treatment and does not include lesser forms of cruel, inhuman or degrading treatment or punishment that do not amount to torture." *Id.* § 1208.18(a)(2). Governmental acquiescence occurs when an official, before the torture occurs, is aware of the torture and thereafter "breach[es] his or her legal responsibility to intervene to prevent such activity." *Id.* § 1208.18(a)(7). To prevail on a CAT claim, an applicant must "proffer objective evidence that he or she is likely to be tortured in the future." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 185 (2d Cir. 2004).

We find no error in the agency's denial of Flores Flores's CAT claim. His fear of torture was based on his

father's torture in 1990, the theft of his car in 2003, and unknown individuals inquiring about him after his departure from Mexico. Flores Flores had the burden to provide objective evidence that he was more likely than not to be tortured, 8 C.F.R. § 1208.16(c)(2), and his speculation that these past events indicated that he would likely be tortured was not sufficient support for a CAT claim, *Savchuck v. Mukasey*, 518 F.3d 119, 124 (2d Cir. 2008).

First, as to his father's torture, past torture of oneself, let alone of a relative, "does not give rise to a presumption of future torture. Rather, it serves as evidence of the *possibility* of future torture." *Suzhen Meng v. Holder*, 770 F.3d 1071, 1076 (2d Cir. 2014). Flores Flores remained in Mexico unharmed for 15 years after his father's torture until his departure in 2005, undermining any claim that he would face torture based on his father's treatment. *Cf. Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999) (holding that where family members remain unharmed in petitioner's native country, objective fear of future harm is undermined).

Second, Flores Flores alleged a fear of torture in Mexico based on his experience of being followed after the 2003 theft

4

of his car and his claim that unidentified people inquired about his whereabouts after he left Mexico. But he did not submit "particularized evidence" that these unidentified people would torture him or that they were affiliated with a cartel or the Mexican authorities. *Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 160 (2d Cir. 2005) (upholding denial of CAT relief where petitioner offered no "particularized evidence" that she would be tortured in her country of removal). His speculation that criminal gangs would seek to harm him because he knew about the body found in the car, that the police may have been responsible for killing the person found in the car, and that the dead person may have been important or involved in organized crime was not sufficient to meet his burden of proof. *See Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (reasoning that, absent "solid support" in the record, a fear of persecution is "speculative at best"). And his aunt's letter did not identify the individuals who asked about him, stating only that "some of his friends here tell me that strangers ask for him and if they know Carlos and where he lives." This speculation does not state a CAT claim as there is no evidence that anyone intends to torture Flores Flores. *See*

5

*Savchuck*, 518 F.3d at 124 (finding a CAT claim based on a chain of assumptions to be speculative). Finally, although the country conditions evidence reflects police corruption in Mexico, it does not shed any light on the identities of Flores Flores's would-be attackers. *See Mu Xiang Lin*, 432 F.3d at 160. Accordingly, Flores Flores did not meet his burden to prove that the unknown people he feared were more likely than not to torture him if he returned to Mexico.

For the foregoing reasons, the petition for review is DENIED.

```
                              FOR THE COURT:
                              Catherine O'Hagan Wolfe,
                              Clerk of Court
```